GUIDRY, J.,
concurring in part and dissenting in part.
|,I agree with the majority’s reversal of the jury’s determination that an intentional act was committed in this matter, and I further agree with the majority’s determination that the jury’s award of damages was excessive in this case. And while I concur with the majority’s reduction of the awards for the wrongful death claims for Ms. Maldonado and her sons, I disagree with the majority’s far-reaching reduction of the survival action claim, the wife’s economic loss claim, and the brother’s bystander claim. I would award $250,000 for the fear and terror the victim experienced during the fall and $500,000 for his pain and suffering, for a total survival action award of $750,000. For the wife’s economic loss, I believe $924,484 is a proper award based on Dr. Cassanave’s opinion, minus amounts attributable to fringe benefits and value of household services, for which I found no basis in the record to support those additional elements of her economic loss claim. Finally, with respect to the bystander award to the brother, I believe that a proper award for that claim would be no less than $150,000. Thus, I respectfully dissent from those portions of the majority opinion that reduce the awards for the survival action claim, the wife’s economic loss claim, and the brother’s bystander claim below the amounts of $750,000, $924,484, and $150,000, respectively.